ERIC WATKINS
7990 Hampton Blvd, Apt 110
North Lauderdale, Florida
33068



REC'D BY_____ D.C.

MAR 28 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ERIC WATKINS
        Plaintiff,

V                                    Case No._____

                                     _____

OFFICER DAVLIN SESSION
402; OFFICER WILLIAM
VOGT # 0395
        Defendants

① Jurisdiction invoked, Pursuant to 42 USC. §1983,

② Plaintiff Eric Watkins is a resident of Florida whose
mailing address is 7990 Hampton Blvd, Apt 110, North
Lauderdale FL. 33068.

③ Defendant Davlin Session is employed at the Lau
derhill police department as a police officer and is

1 of 12 PP

a residence of Ft, Lauderdale Florida. At the time of the alleged claim in the complaint the defendant acted within his individual capacity while on duty. Thus plaintiff is suing him in his individual capacity.

(3) The Defendant William VOGT is employed at the Lauderhill police department as a police officer and resides in Ft. Lauderdale Florida. At the time of the alleged claim in the Complaint the defendant acted in his individual capacity while on duty. Thus Plaintiff is suing him in his individual capacity.

2 of 12 pp

## Nature of the case

(4) On April 3, 2015 Defendants Davlin Sessions and William Vogt violated my Constitutional rights when they arrested me with a charge of Exposure of Sexual organs without probable Cause. This was willfully done to defame my Character with a misdemeanor Sex offence and to set me band from the park.

## Cause of Action

(5) I allege that my claims arise under the following constitutional provisions of law of the united states and that the following facts forms the basis of my allegations.

## Counts one

It is Plaintiffs Complaint that on April 3, 2015 defendants Davlin Session and William Vogt willfully and intensionally and with malicious intents did violate plaintiff fourth amendment right not to be search or seized without probable cause when both defendants arrested Plaintiff on the charge of exposure of sexual

organs. §800.03 inspite of the fact that none of them ever saw plaintiff expose any sexual organs, plaintiff did not expose any sexual organs, did not admit to exposing any sexual organs and did not expose any sexual organs in a lewd or lascivious manner, that is with any type of sexually oriented intent that was lustfull and/or indulgent.

<u>Supporting Facts</u>

on April 3, 2015 Plaintiff was at the park during the early morning hour. The park building was not open as yet because no one was in the park but plaintiff at that time around 8 am. There was no vehich in the front side of the park, including Defendant Davlin Session's vehich.

Shortly after being in the park I got out of my car with a bottle of urine and walked to the rear of the Garbage bin enclosure by the area where there was shrubs as high as Plaintiffs stomach and higher and plaintiff emptied the urine on the ground and returned to

4 of 12 PP

his car. No one at all was walking through the park, parked in the park at any area that was visible to eyes, This includes defendant Sessions vehicle.

Shortly after I observe a dark black or blue car drive into the park and drove to the back of the park where it could not be seen from the front of the park. That vehicle turn out to be defendant Sessions vehicle that he drove into the park.

Approximately six minutes later defendant Vogt and another officer drove into the park and approached me. He asked me if I had urinated in the park by the dumpster because he had gotten a call that I had urinated by the dumpster. I told him no I emptied a bottle of urine over there pointing to the area of the dumpster with the high shrubs. He said to me that he had gotten previous callers that I was urinating and defecating by the dumpster. I told him these were lies.

5 of 12 PP

Vogt then informed me that after he got a call that morning that I was in the park and had urinated by the dumpster he sent an officer to put me under surveillance and that he's waiting for the officer to arrive.

While waiting for session to arrive I ask Vogt who are the persons or person that complained that I was urinating in the park on 4/3/15 and prior he said they never gave a name and that it was all anonymous persons.

Shortly after defendant sessions arrived at our location. He drove into the front of the park in the same dark black or blue car I had seen him drive in to the park in earlier. He drove from in the back of the park where he gor no one at the front of the park could see him from nor him see us from.

Defendant sessions approached me, vogt and the other officer and stated to vogt that he observed me urinating in the park

6 of 12 pp

by the dumpster and both defendants
placed me under arrest at that time.

While in hand cuffs I informed Vogt in
the presence of session that Session was
never in the park at the time when I
walked over to the dumpster that he drove
into the park and went to the back
quite some time subsequent to when I
went by the side of the dumpster and
dumped the urine on the ground. Both
officers ignored me and placed me into
the police car.

During this incident from time plaintiff
arrived at the park to when all police arrived
and even after no me, no patrons, no park
employee no children nor adults was in
the park. I was the only person in the
park.

The area behind the dumpster enclosure
where plaintiff emptied the bottle of urine
was heavily crowded with shrubs way above
plaintiffs stomach.

Prior to April 3, 2015 the law was clearly established that urinating in public is insufficient, by themselves, to sustain a conviction Payne v State 463 So 2d 271 (Fla. 2d DCA 1984)

According to Cheesebrough, 255 So.2d at 677-78 lewd and lascivious mean that there must be some type of sexual-oriented intent that is lustfull and/or indulgent.

Proof of mere nudity or visibility of a person's genitals is insufficient to sustain a conviction for Exposure of sexual organs. Hoffman v Carson 250 So.2d 891, 893 (Fla. 1971)

Plaintiff was incarcerated for a day then released after bonding out. during the arrest plaintiffs car was towed from the park and impounded with West way towing company.

Plaintiff never told any of the defendants that he thought he could urinate anywhere

8 of 12 PP

in the park, and Plaintiff informed the defendants that the park building was closed because no one was there because no cars was in the park parked out side the building or in the park's parking lot and that the park did not have any rest rooms. Plaintiff was responding to the defendants' statement that there's rest rooms at the park.

This arrest humiliated, embarrassed and emotionally stressed plaintiff for the time it lasted, including while plaintiff was incarcerated, after he was release and up till when the case was dismissed by the prosecution in the criminal case. There were many people walking up and down the side walk who were stopping and watching the arrest this includes people in cars who were also stopping and watching.

This arrest on plaintiff's record is a contributing factor in why plaintiff cannot get work inspite of the fact that there were no conviction.

9 of 12 PP

## Prayer For Relief

Where fore Plaintiff respectfully ask that this Court enter Judgment granting Plaintiff the following:

(A) Compensatory damages in the amount of $100,000.00, from each defendant, That is Session and Vogt, For the willfull and intensional violation of Plaintiffs constitutional rights and for the embarrassment and humiliation and emotional distress plaintiff suffered as a result of the violations, supra. This includes the time plaintiff was incarcerated and up to and when the case was dismissed. This also includes the money plaintiff had to pay to get his vehicle out of the pound and for Plaintiff not being able to find a Job because of this arrest.

(B) Punitive damages from defendants Session and Vogt of $200,000.00 For there willfull intensional and malice based deprivations geared to harass and cause plaintiff hardship and emotional distress and to deprive Plaintiff of his right to patron the park. Plaintiff also seek punitive damages as a

deterrent for other Lauderhill police officers.

(C)  Jury trial on all issues triable by Jury.

(D)  Any other relief deemed Just, proper, and equitable.

Respectfully submitted this 28 day of March 2019

Eric WATTins
7990 Hampton Blvd, Apt 110
North Lauderdale Fl. 33068

Verification
I Eric Wattins is the plaintiff and undersigned in this civil complaint declare that I have read the foregoing complaint and hereby verify and claims that the matters alleged there in are true, except as to matters alleged on information or belief, and, as to those, I believe them to be true. I certify under the penalty of perjury that the foregoing

11 of 12 Pg

is true and correct.

Executed at Ft. Lauderdale Florida
on March ___ 2018

12 of 12 pp