UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CV-60810-ALTMAN

ERIC WATKINS,

    Plaintiff,

v.

OFFICER DAVLIN SESSION, *et al.*,

    Defendants.
_____/

## SECOND OMNIBUS ORDER ON DISCOVERY MOTIONS

THIS CAUSE comes before the Court upon: (i) Plaintiff's Motion to Reinstate prior Motion to Compel at ECF No. 125 (ECF No. 131); (ii) Defendant's Motion to Compel Plaintiff's Deposition (ECF No. 128); and (iii) Plaintiff's Motion to Compel regarding alterations to discovery requests (ECF No. 129) (collectively, the "Motions"). The District Judge has referred discovery matters to the Magistrate Judge.[1] (ECF No. 97 at 2). The Court has reviewed the Motions, the Responses (ECF Nos. 137 and 133) and Replies (ECF Nos. 138, and 136), and being otherwise fully advised in the matter,[2] it is hereby **ORDERED AND ADJUDGED** as follows:

    (i)    Plaintiff's Motion to Reinstate prior Motion to Compel at ECF No. 125 (ECF No. 131) is **DENIED**. After filing the Motion to Compel at ECF No. 125, Plaintiff

---

[1] The initial Magistrate Judge assigned to the case recused and the matter is now before the undersigned. *See* (ECF Nos. 104, 105).

[2] The litigation background and procedural history was summarized in this Court's prior Omnibus Order on Discovery Motions of July 3, 2020 (ECF No. 124) and is incorporated by reference.

cured his initial procedural error by contacting the undersigned's Chambers to obtain authorization to file a motion. The undersigned has since substantively reviewed the Motion to Compel at ECF No. 125. In an effort to streamline this litigation, conserve scarce judicial resources, and promote efficient case-management, the undersigned will not require Defendants to respond to the Motion at ECF No. 125, which is denied for the reasons set forth below.

Rule 34 governs the production of documents, electronically stored information, and tangible things. *See generally* Fed. R. Civ. P. 34. Here, Plaintiff's Request for Production No. 5, however, asks Defendants to "produce the name of the officer whose badge number is 0905." (ECF No. 125 at 1). This type of request, although perhaps appropriate as an interrogatory or during a deposition, is improper under Rule 34.

Plaintiff's Request for Production No. 11, which seeks documents relating to bank, stock, and securities holdings for Officers Voigt and Session, although proper under Rule 34, is nonetheless denied as premature. Here, Defendants have asserted a qualified immunity defense in their Motion to Dismiss the Second Amended Complaint. *See generally* (ECF No. 92). "Once a defendant raises the qualified immunity defense, 'the trial court must exercise its discretion in a way that protects the substance of the qualified immunity defense [and] so that officials are not subjected to unnecessary and burdensome discovery or trial proceedings.'" *Fleming v. Barber*, 383 F. App'x 894, 896 (11th Cir. 2010). Accordingly, at this stage of the litigation, the undersigned finds that discovery of private financial information for Officers Voigt and Session is premature.[3] *See, e.g., Finch v. City of Indianapolis*, No.

---

[3] This same analysis applies to Request for Production No. 12, which seeks documents from Defendants showing ownership of real estate and other properties. (ECF No. 125 at 5). At this stage of the litigation, discovery into these matters is premature.

1:08-CV-0432-DML-RLY, 2011 WL 2516242, at *7 (S.D. Ind. June 23, 2011) (noting that financial information would only be relevant to damages and should be discovered after plaintiff clears the hurdles of qualified immunity and liability).  These requests may be revisited, if appropriate, after the Court's ruling on the qualified immunity defense.

      (i)      Defendant's Motion to Compel Plaintiff's Deposition (ECF No. 128) is **GRANTED**.  Within 3 business day from the date of this Order, the parties are to meet and confer telephonically in a good faith effort to schedule Plaintiff's deposition via Zoom using Plaintiff's smartphone or other computer technology.  Alternatively, if Plaintiff does not have the necessary technology, the parties are to find a mutually alternative means to conduct the video deposition.  Unless otherwise agreed to by the parties, Plaintiff's deposition must occur by **August 10, 2020**, which is the discovery deadline in the case.  *See* (ECF No 97).

      (ii)      Plaintiff's Motion to Compel regarding alterations and responses to discovery requests (ECF No. 129) is **DENIED**.  Pursuant to Federal Rule of Civil Procedure 36, "[a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36.  "If the answer is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it." Fed. R. Civ. P. 36(a)(4).  Further, "[t]he answering party may assert lack of knowledge or information as a reason for failing to admit or deny . . . ." *Id*.  Here, the bracketed material in Defendants' responses to Plaintiff's Requests for Admission Nos. 3 and 6 for Officer Session and Nos. 2 through 5 for Officer Voigt are not improper. The bracketed information are minor grammatical corrections that do not affect the substance of the original requests or

3

the answers. Further, as to Request for Admission No. 5, Defendant Voigt has sufficiently answered the Request by asserting that he "lacks knowledge as to what Plaintiff could or could not see from his perspective prior to Officer Session making contact with Plaintiff and [Officer Voigt]." (ECF No. 132-2 at 5). Accordingly, Plaintiff's motion to compel a better response to Request for Admission No. 5 is denied. *See, e.g,. Plain Bay Sales, LLC v. Gallaher*, No. 9:18-CV-80581, 2020 WL 3791608, at *2 (S.D. Fla. July 7, 2020) (declining to require further response to request for admissions that were vague, confusing, compounded, and improper).

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida on July 31, 2020.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc:  U.S. District Judge Roy K. Altman
     All counsel of record