UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-60810-CIV-ALTMAN/Strauss

ERIC WATKINS,

       *Plaintiff,*

*v.*

OFFICER DAVLIN SESSION, *et al.*,

       *Defendants.*

_____/

<u>**ORDER RESOLVING OBJECTIONS**</u>

       Over the past few months, the parties in this case—the Plaintiff, Eric Watkins, and the Defendants, Officer Davlin Session, Officer William Vogt,[1] the Lauderhill Police Department, the City of Lauderhill, and Lauderhill's Chief of Police (collectively, "the Defendants")—have submitted a farrago of discovery motions, which this Court referred to United States Magistrate Judge Alicia O. Valle. *See* Order of Recusal [ECF No. 105] (recusing Magistrate Judge Lurana Snow and reassigning the case to Magistrate Judge Valle). Judge Valle resolved these motions in three separate Omnibus Orders, *see* First Omnibus Order [ECF No. 124]; Second Omnibus Order [ECF No. 143]; Third Omnibus Order [ECF No. 161], to which Watkins has timely objected, *see* Objections [ECF Nos. 132, 146, 162]. After careful review, the Court now **SUSTAINS in part** and **OVERRULES in part** the Objections.

STANDARD OF REVIEW

       For non-dispositive orders, like the Omnibus Orders, "the district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a). "To be clearly erroneous, a decision must strike us as more

---

[1] We refer to the two Officers together simply as the "Officers."

than just maybe or probably wrong; it must, as one member of this court recently stated during oral argument, strike us as wrong with the force of a five-week-old, unrefrigerated dead fish." *Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988). "In the absence of a legal error, a district court may reverse only if there was an 'abuse of discretion' by the magistrate judge." *S.E.C. v. Merkin*, 283 F.R.D. 699, 700 (S.D. Fla. 2012) (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 401 (1990)).

## ANALYSIS

### I.   THE FIRST OMNIBUS ORDER

#### A.   The Defendants' Motion to Compel [ECF No. 103]

In discovery, the Defendants sought (1) ten years of Watkins's medical records and (2) the identities—though not the content—of any email and social media accounts he's used over the last five years. *See* Motion to Compel [ECF No. 103] at 2–3. Watkins objected that the materials weren't relevant to his claimed damages and that, even if they were, the requested time frame was too broad. *See* Response to Motion to Compel [ECF No. 107]. The Magistrate Judge ruled that the medical records were relevant "to the claims and defenses alleged in this case," even as she agreed with Watkins that the time frame for this request was "overbroad and must be narrowed" to five years from the filing of the complaint. First Omnibus Order at 7. She also required Watkins to identify the email, social media, and online accounts he's used over the last five years, concluding that these could yield discoverable evidence regarding his claimed emotional damages. *See id.* Here, again, she allowed the Defendants to go back five years *from the filing of the complaint*. *Id.* Unhappy with this partial victory, Watkins objects to both rulings.

#### 1.   The Medical Records

With respect to his medical records, Watkins advances three arguments—all unpersuasive. *First*, he says that "the magistrate judge did not interpret [his arguments] in the light most favorable to

plaintiff." Objections to First Omnibus Order ("Pl. First Obj.") [ECF No. 132] at 1–2 (all errors in original).[2] This isn't a proper objection. *See VanDiver v. Martin,* 304 F. Supp. 2d 934, 937–38 (E.D. Mich. 2004) ("A general objection, or one that merely restates the arguments previously presented[,] is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An objection that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."). Watkins simply disagrees with the outcome and, without any evidence, attributes that outcome to some improper deference from the Magistrate Judge. To grant litigants a redo of every non-dispositive decision they disagree with would eviscerate the "clearly erroneous" standard and render obsolete the tremendous benefits magistrate judges provide.

Nor is Watkins right when he suggests that, in resolving discovery disputes, the Magistrate Judge owed him some special deference. When adjudicating motions to dismiss (or for summary judgment), it's true, the district court must draw all reasonable inferences in favor of the non-movant—typically, the plaintiff. *See, e.g., Brooks v. Blue Cross & Blue Shield of Fla., Inc.,* 116 F.3d 1364, 1369 (11th Cir. 1997) (citing *SEC v. ESM Grp., Inc.,* 835 F.2d 270, 272 (11th Cir. 1988) ("[T]he complaint must be construed in a light most favorable to the plaintiff.")); *Pennington v. City of Huntsville,* 261 F.3d 1262, 1265 (11th Cir. 2001) (noting that, at summary judgment, the Court must "review the facts and all reasonable inferences in the light most favorable to the non-moving party"). But that general principle derives from the language of Rules 12 and 56 and doesn't apply outside of those contexts. In discovery disputes, by contrast, the burden is on the *objecting party*—here, Watkins—to show "with specificity how the objected-to request is unreasonable or unduly burdensome." *Alvar v. No Pressure Roof Cleaning, LLC,* 2018 WL 1187777, at *2 (S.D. Fla. Mar. 7, 2018).

---

[2] Because Watkins objects to the Defendants' attempts to correct his grammatical errors with brackets, *see* Plaintiff's Motion to Compel [ECF No. 129] at 1, we quote his arguments without them.

In any event, the Magistrate Judge was plainly right. As she explained, "the Plaintiff alleges that due to his arrest, he suffered 'sleepless nights, headaches[,] and intense and repeated episodes of anxiety, [and] feelings of fear and fright,' which would occur 'every day after the arrest up to when the charges were not prosecuted.'" First Omnibus Order at 6 (quoting the Second Amended Complaint ("SAC") [ECF No. 91] ¶ 49). On that basis, she found that the "Plaintiff's medical history is relevant to the claims and defenses alleged in the case." *Id.*

This was not error. "[E]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FED. R. EVID. 401. Watkins alleges that he suffered "sleepless nights, headaches[,] and intense and repeated episodes of anxiety, [and] feelings of fear and fright . . . every day after the arrest up to when the charges [were dropped]." SAC ¶ 49. Watkins's medical records are thus plainly relevant, on the one hand, because, if they reveal that he suffered from these same symptoms before his arrest, they could undermine his claims. On the other hand, the records are relevant because, if they show that he developed these symptoms *only after* his arrest, they would bolster his claims. And, of course, the medical records might eviscerate his claims by indicating that he's never suffered from these symptoms at all—neither before nor after the incident.[3]

*Second*, Watkins contends that the Magistrate Judge failed to "articulate his premise for finding that the plaintiff's medical history . . . is relevant." Pl. First Obj. at 2.[4] But, as we've said, the Magistrate Judge was right to conclude that the medical records were relevant. And there's no rule—nor has Watkins cited any, *see generally* Pl. First Obj.—that required her to "articulate" her findings in any greater detail than she did.

---

[3] Nor can Watkins avoid this result by claiming only "minor" damages. *See* Response to Motion to Compel [ECF No. 107] at 4. Because he's alleging *some* injuries, the medical records are relevant to his claims.

[4] Watkins apparently doesn't realize that Judge Valle is a woman.

*Third*, Watkins maintains that "the five year narrowed time frame should be from December of 2015 to January 1, 2011 because that time frame would produce any relevant medical history applicable to the 2015 claimed injuries." *Id.* at 2–3.[5] But, since Watkins's arrest occurred in March 2015, *see* SAC ¶ 15, the Magistrate Judge's timeframe (2014 to 2019) is far *more* likely to produce relevant evidence. Watkins's proposed timeframe, after all, would show us only what his condition was *before* his arrest. The Magistrate Judge's window, by contrast, will give us a sense of Watkins's medical history *both* before *and* after his arrest. And, given Watkins's claim that he suffered an onset of symptoms *after* his arrest, SAC ¶ 49, the Defendants should be permitted to compare his pre-arrest and post-arrest medical history.

## 2.    The Online Accounts

Regarding his social media accounts, Watkins makes two arguments—both unavailing. *First,* he says that "a party cannot show relevancy by merely making a conclusory claim that discovery 'could' lead to discoverable evidence regarding Plaintiff's claimed emotional damages." Pl. First Obj. at 3–4. In saying so, Watkins appears to take issue with the quality of the Defendants' arguments. But the Magistrate Judge heard those arguments and found them persuasive. More to the point, the Magistrate Judge determined that the email and social-media records *were* relevant. *See* First Omnibus Order at 7. Since Watkins doesn't seem to quibble with *her* finding, he's waived any such argument. *See, e.g., Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1319 (11th Cir. 2012) ("[T]he failure to make arguments and cite authorities in support of an issue waives it.").

In any case, the Magistrate Judge was right: the identity of Watkins's email and social media accounts is relevant. In his SAC, Watkins alleges that, as a result of his arrest, he's been denied multiple jobs, was prevented from visiting the park, and has suffered emotional distress. *See* SAC ¶¶ 43–49.

---

[5] We assume that Watkins is here proposing a timeframe of January 2011 to December 2015.

Watkins's online history—and, in particular, his social media posts—may well bolster or undermine these claims.[6]

*Second*, he complains that "the Magistrate has failed to articulate the premise for his findings that Plaintiff's emails, social media and online account is relevant." Pl. First Obj. at 4 (errors in original). Again, however, the identity of his accounts is plainly relevant. And Watkins cites no rule for the proposition that the Magistrate Judge had to "articulate" this very straightforward finding in some greater length.

***

The Court, in short, **OVERRULES** Watkins's Objections to the Magistrate Judge's disposition of the Defendants' Motion to Compel [ECF No. 103].

## B.      The Defendants' Motion for a Protective Order [ECF No. 106]

After Watkins asked the Defendants to "meet the Plaintiff in the park," Defendants' Motion for Protective Order at 1, Ex. A (Watkins's "Request for Meeting at Park—Place of Arrest"), the Defendants sought a Protective Order, *see* Defendants' Motion for Protective Order at 1. The Magistrate Judge analyzed Watkins's proposal as an "inspection request" under Federal Rule of Civil Procedure 34(a)(2), which applies only to land "controlled by the responding party." First Omnibus Order at 7. In granting the Defendants' motion, *see id.* at 9, the Magistrate Judge noted that the Defendants don't control the park—and so, Rule 34(a)(2) just doesn't apply, *see id.* at 8.

Watkins insists that "his requested meeting at the park was not inappropriate nor a use of Rule

---

[6] Again, the Defendants do not seek *access to* these accounts; they're simply asking for the accounts to be identified, *see* Defendants' Motion to Compel [ECF No. 103] at 4—a much more limited intrusion since the *identity* of these accounts (as opposed to their contents) isn't really private, and they'd be discoverable even if they were. *See Anderson v. City of Fort Pierce*, 2015 WL 11251963 (S.D. Fla. Feb. 12, 2015) ("The mere fact that the Plaintiff activated a social media site's privacy settings to restrict who may access and view her postings does not provide blanket exemption from discovery in this civil litigation.").

34 as the magistrate claims." Pl. First Obj. at 5. Instead, he says that it was a request "merely to clear up discrepancies and uncertainties regarding on the park Defendant Sessions was allegedly observing Plaintiff on the day of the arrest at issue." *Id.* (errors in original). But Watkins cites no other discovery rule that might support his request, *see generally id.*—probably because no other rule applies, *see* FED. R. CIV. P. 26–36. A park summit, after all, doesn't seem to qualify as an interrogatory, a deposition, or a request for production. Rule 34's provision "for entering onto Land" is thus the closest fit. Since Watkins doesn't object to the Magistrate Judge's findings—that (1) Rule 34(a)(2) applies only to *private* places *controlled by the opposing party*; (2) the park in question is a *public* place; and (3) the Defendants don't control it, *see* Pl. First Obj. at 5—the Report didn't get this one wrong (let alone "clearly" so).

Nor does Watkins's insistence that "his requested meeting at the park was not inappropriate," *see* Pl. First Obj. at 5, fare any better. The question here isn't whether the meeting was "inappropriate." The question (again) is whether the Magistrate Judge was "clearly" wrong in finding that neither Rule 34 nor any other Federal Rule provides for it. Since she wasn't, Watkins's Objections to the Magistrate Judge's decision on the protective order are **OVERRULED**.[7]

## C.   Watkins's Motion for Order of the Clerk and U.S. Marshal [ECF No. 109]

Watkins also asked the Magistrate Judge to direct the U.S. Marshal to serve subpoenas on both the Lauderhill Police Department and the City of Lauderhill. *See* Watkins's Motion for Order of Clerk and U.S. Marshal at 1. The Magistrate Judge denied both requests because Watkins was trying to serve

---

[7] Watkins also objects to the Magistrate Judge's admonition that he "refrain from unnecessary, excessive and potentially harassing discovery[.]" Pl. First. Obj. at 5–6. In so warning Watkins, however, the Magistrate Judge was simply paraphrasing Rule 26(g)(1)(B)(ii), which was adopted to "overcome the asserted reluctance to impose sanctions" for oppressive discovery violations. *See* FED. R. CIV. P. 26 advisory committee's notes (1983). Of course, a "sanctioning process must comport with due process requirements." *Id.* And an essential element of due process is notice. *See Matthews v. Eldridge*, 424 U.S. 319, 348 (1976) ("The essence of due process is the requirement that a person in jeopardy of serious loss (be given) notice[.]" (cleaned up)). Viewed in this context, the Magistrate Judge was doing exactly what the Rules prescribe: giving Watkins notice that his discovery conduct, if it persists, will give rise to sanctions. This Objection is thus likewise **OVERRULED**.

*two Defendants* under Rule 45—a rule that, by its express terms, applies only to *non-parties*. *See* First Omnibus Order at 8–9. Watkins objects that, "even though the city and its police department are defendants plaintiff still has the option to utilize Rule 45 to get discovery." Pl. First Obj. at 7 (errors in original).

Here, again, Watkins—who cites no case for this objection—is mistaken. Rule 45 is "a discovery vehicle to be used against non-parties." *Hatcher v. Precoat Metals*, 271 F.R.D. 674, 675 (N.D. Ala. 2010); *see also* FED. R. CIV. P. 34(c) ("As provided in Rule 45, a *nonparty* may be compelled to produce documents and tangible things or to permit an inspection." (emphasis added)). Because both the Lauderhill Police Department and the City of Lauderhill are *parties* to this case, Rule 45 is inapplicable. Watkins's Objection is **OVERRULED**.

## II.  THE SECOND OMNIBUS ORDER

### A.  Watkins's Motion to Reinstate[8] Prior Motion to Compel [ECF No. 131]

Watkins propounded on the Defendants a set of requests for production. *See* Motion to Compel [ECF No. 125]. As relevant here, those requests sought (among other things): (1) "the name of the Officer whose badge number is 0905" and (2) certain financial records belonging to Officer Session and Officer Vogt. *Id.* When the Defendants refused these requests, Watkins filed his motion to compel. *Id.* The Magistrate Judge denied the motion, *see* Second Omnibus Order [ECF No. 143] at 2, and Watkins objects, arguing that the Report "failed to allow Plaintiff the opportunity to demonstrate that the defendants are not entitled to qualified immunity," Objections to Second Omnibus Order ("Pl. Second Obj.") [ECF No. 146] at 2.

---

[8] Watkins filed this motion to compel, *see* Motion to Compel [ECF No. 125], without first obtaining permission from the Magistrate Judge, *see* Second Omnibus Order at 2. This was a direct violation of the Court's Scheduling Order. *See* Amended Scheduling Order [ECF No. 97] at 3. Nevertheless— though she did not need to—the Magistrate Judge reviewed and denied the underlying motion to compel on the merits. *See* Second Omnibus Order at 2.

Starting with "the name of the Officer whose badge number is 0905," the Magistrate Judge wrote that "[t]his type of request, although perhaps appropriate as an interrogatory or during a deposition, is improper under Rule 34." Second Omnibus Order at 2. The Court need not decide today whether the Magistrate Judge correctly interpreted the outer boundaries of Rule 34 because Watkins never suggests that she didn't. *See generally* Pl. Second Obj. He's thus waived any such objection. *See Hamilton*, 680 F.3d at 1319. Instead, Watkins says only that the name of the officer— who apparently received (and signed for) a sample of the urine Officers Vogt and Session retrieved from the scene, Motion to Compel [ECF No. 125] at 1–2—is necessary to his claim that "the Defendants aren't entitled to qualified immunity," Pl. Second Obj. at 2. But the question of qualified immunity turns on what Officers Vogt and Session knew *when they arrested* the Plaintiff. *See Gold v. City of Miami*, 121 F.3d 1442, 1445 (11th Cir. 1997) (holding that an officer has "arguable probable cause" when a "reasonable officer in the same circumstances and possessing the same knowledge as the officer in question *could* have reasonably believed that probable cause existed in the light of well-established law"). The officer who happened to be at the station *later that day*, when the urine sample came in, thus has nothing to do with the Officers' entitlement to qualified immunity. And Watkins, for his part, has done nothing to explain how it does. *See* Pl. Second Obj at 2. Without this information, the Court agrees with the Defendants that the request doesn't appear to seek any relevant information. *Cf.* FED. R. CIV. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]").[9] In any event, the Defendants apparently objected to the request on the separate ground that "0905" is not actually anyone's badge number (presumably it was the time of day on which the sample was received). Motion to Compel [ECF No. 125] at 2. And Watkins has made no effort to sort out the badge number he

---

[9] And, while it's true that the Magistrate Judge didn't make this finding, the Court may "reconsider sua sponte any matter determined by a Magistrate Judge." S.D. FLA. L. R. Magistrate Rule 4(a)(1).

wants identified. The Court (it goes without saying) isn't going to force the Defendants to do Watkins's work for him. If he wants the name of an officer by pointing to a specific badge number, he needs to identify the correct badge number.

Watkins's request for the Officers' financial information fares no better. In his Objections, Watkins contends that he needs this information to show that the "defendants did not have probable cause to arrest[.]" Pl. Second Obj. at 2. But, again, the Officers' financial information—including "documents relating to bank, stock, and securities holdings for Officers Voigt [sic] and Session," Second Omnibus Order at 2—has absolutely no bearing on those Officers' entitlement to qualified immunity. And the Court will not permit Watkins to harass the Defendants with irrelevant and intrusive discovery into their personal affairs. As the Eleventh Circuit has explained, "[o]nce a defendant raises a qualified immunity defense, 'the trial court must exercise its discretion in a way that protects the substance of the qualified immunity defense so that officials are not subjected to unnecessary and burdensome discovery or trial proceedings.'" *Fleming v. Barber*, 383 F. App'x 894, 896 (11th Cir. 2010) (quoting *Crawford-El v. Britton*, 532 U.S. 574, 597 (1998)).

In short, Watkins's Objections to the Magistrate Judge's order denying his Motion to Reinstate Prior Motion to Compel [ECF No. 131] are **OVERRULED**.

### B. Watkins's Motion to Compel Regarding Alterations to Discovery Requests [ECF No. 129]

In his most frivolous motion, Watkins castigated the Defendants for using brackets to correct his grammatical errors and moved to compel them "to correct the alterations made to plaintiffs written interrogatories." Watkins's Motion to Compel [ECF No. 129] at 1 (errors in original). The Magistrate Judge found the alterations proper because "[t]he bracketed information are minor grammatical corrections that do not affect the substance of the original requests or the answers." Second Omnibus Order at 3. Watkins objects, saying that the alterations were "improper regardless of whether they

affected the substance of the original request of answers because Plaintiff didn't write the interrogatories the way the defendants altered them." Pl. Second Obj. at 3.

This is silly. The Magistrate Judge concluded that the none of the alterations changed the meaning of any of Watkins's interrogatories, *see* Second Omnibus Order at 3, and Watkins never objects to this finding, *see* Pl. Second Obj. at 2–3. He's thus waived any such objection. *See Hamilton*, 680 F.3d at 1319. To the contrary, he seems to concede that the alterations were non-substantive. *See* Pl. Second Obj. at 3 (likening the Report to "the creation of bad law because what she's saying is that its proper to alter discovery request to one's liking so long as the alteration does not interfere with the substance of the party's request and response. I caution that what is good for the goose is good for the gander" (errors in original)). In any event, this Court's review of the alterations supports the Magistrate Judge's view that they were *all* non-substantive. And, other than to declare that "what is good for the goose is good for the gander," *id.* at 3, Watkins never explains why the Defendants' non-substantive alterations prejudiced him. He's thus waived any such argument. *See Hamilton*, 680 F.3d at 1319.

The Court thus **OVERRULES** Watkins's Objection to the Magistrate Judge's Denial of his Motion to Compel Regarding Alterations to Discovery Requests [ECF No. 129].

### C.    Watkins's Motion to Compel Regarding Responses to Discovery Requests [ECF No. 128]

Watkins also moved to compel Officer Vogt to "[a]dmit that after you radioed for Session he drove from back of the park, where you nor I could see him to the front of the park and made contact with us." Plaintiff's Second Request for Admission [ECF No. 133-2] at 2. In refusing to answer the interrogatory, Officer Vogt wrote the following: "The above request is confusingly worded with double negatives. Officer Vogt lacks knowledge as to what Plaintiff could or could not see from his perspective prior to Officer Session making contact with Plaintiff and me." Defendants' Response to

Plaintiff's Motion to Compel [ECF No. 133] at 2. The Magistrate Judge found that Officer Vogt "sufficiently answered the Request[.]" Second Omnibus Order at 3.

Watkins objects, saying that (1) "the defendant did not answer part of the admission," and that (2) the question "was not vague, confusing, compounded or improper." Pl. Second Obj. at 4. The Federal Rules of Civil Procedure "strongly favor full discovery whenever possible." *Fransworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985). Federal Rule of Civil Procedure 36(a)(4) thus requires that, "[i]f the answer is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it."

The Magistrate Judge was right to find that Officer Vogt properly answered the question. Officer Vogt, after all, cannot testify as to what Watkins could or couldn't see. And, if it's true that Officer Vogt couldn't see Officer Session—as the interrogatory implies—then Officer Vogt couldn't possibly say whether Officer Session came from the "back of the park" or from someplace else. All that said, Watkins should be permitted to elicit from Officer Vogt whether *he*—Officer Vogt—could see Officer Session. The Court thus **OVERRULES** Watkins's Objection **in part** and **SUSTAINS** it **in part**. The Court will allow Watkins to re-propound the interrogatory to Officer Vogt in the following form: "Admit that, when you radioed for Officer Session, you could not see him."

### III.   THE THIRD OMNIBUS ORDER

### A.   The Defendants' Motion to Compel the Plaintiff's Compliance, Resume Depositions, and for Sanctions [ECF No. 149]

We turn next to a quarrel over Watkins's refusal to resume his interrupted deposition. The trouble began when the Defendants deposed Watkins at "an agreed upon court reporter's office in downtown Fort Lauderdale" on August 10, 2020. Defendants' Motion to Compel [ECF No. 149] at 1. Watkins tried to record the deposition because, he explained, "he has . . . had difficulty in the past with accurate transcriptions due to his accent and that the [Defendants' lawyer] is a liar." *Id.* at 2. The Defendants objected; he insisted; an argument ensued; and Watkins stormed out. *Id.* When the

Defendants moved to resume the deposition, *id.* at 3, the Magistrate Judge granted their motion *in part*. *See* Third Omnibus Order at 1. As relevant here, she allowed Watkins to record the deposition, holding that the request—though unconventional—"is not prohibited by the Federal Rules of Civil Procedure." *Id.* The Magistrate Judge also denied the Defendants' request for sanctions. *Id.* at 2. Watkins objects and calls the Magistrate Judge's decision to allow the deposition to resume *after* the discovery deadline "unfair." Watkins's Objections to Third Omnibus Order ("Pl. Third Obj.") [ECF No. 162] at 1.

But there's nothing unfair about it. The Federal Rules, after all, provide that, "[i]f terminated, the deposition may be resumed only by order of the court where the action is pending." FED. R. CIV. P. 30(d)(3)(B). Nor does the fact that the deposition will be resumed *after* the discovery cutoff somehow render the deposition "unfair." The deposition, of course, *began* well within the discovery period. When Watkins stormed out of the deposition, the Defendants—as the Rules require—sought guidance from the Court about Watkins's request to record the deposition. That dispute having been resolved, the deposition can now continue—irrespective of the discovery cutoff. We note, too, that, while the Defendants would suffer extreme prejudice if they were precluded from deposing the *only* person[10] who knows whether Watkins urinated in the park—the centerpiece of this dispute—Watkins never explains how he would be prejudiced by having his deposition continue. *See generally* Pl. Third Obj. He's thus waived any such claim to prejudice. *See Hamilton*, 680 F.3d at 1319.[11]

---

[10] (according to Watkins).

[11] Watkins also wants "counter sanctions" from the Defendants. Pl. Third Obj. at 3. In essence, he says that the Defendants "should be ordered to pay plaintiff $10.00 for gas fees[.]" *Id.* But Watkins never moved for sanctions. *See* Pl. Third Obj. at 3. And it's well-settled that the Court need not consider new arguments a party never raised with the magistrate judge. *See Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) ("The district court in this case had the discretion whether to consider Williams's argument regarding timeliness of his habeas petition when he did not raise the argument in the first instance to the magistrate judge."). Even if Watkins had asked for sanctions, though, the Court wouldn't have sanctioned the Defendants for trying to prevent Watkins from recording the deposition—an unusual request—and for seeking the Court's permission to resume the

Watkins's objection to the Magistrate Judge's disposition of the Defendants' Motion to Compel the Plaintiff's Compliance, Resume Depositions, and for Sanctions [ECF No. 149] is thus **OVERRULED**.

### B.  Watkins's Motion for Order of Clerk and U.S. Marshal [ECF No. 153]

Finally, Watkins asks the Court to direct the U.S. Marshal to serve a subpoena on Revlon Fennell and the City of Lauderhill. *See* Watkins's Second Motion for Order of the Clerk at 1–2. Revlon Fennell is "the City's Human Resources Director and Risk Manager"—and, therefore, an agent of the City of Lauderhill, a Defendant in this case. Defendants' Response in Opposition to Motion [ECF No. 154] at 2. The Magistrate Judge denied this motion as improper under Federal Rule of Civil Procedure 45 and reiterated that "the proper method to seek discovery from . . . Defendants is a request under Federal Rule of Civil Procedure 34, and not subpoenas under Rule 45." Third Omnibus Order at 2 (cleaned up).

Watkins objects that his "subpoena under rule 45 is justified because its information *regarding* non-parties." Pl. Third Obj. at 3 (emphasis added) (errors in original). But, as we've discussed, Rule 45 only allows subpoenas to *non*-parties. *See* FED. R. CIV. P. 45(a). And it provides no exception for subpoenas *to* parties simply because they "regard" non-parties—nor does Watkins cite any case or rule for the proposition that it does. *See generally* Pl. Third Obj.

Watkins's subpoena sought "the record log of how and where the urine samples was stored pertaining to" his arrest. Reply in Support of Motion to Compel [ECF No. 156]. In the subpoena, Watkins asked the Defendants for "the address of a former employee who Plaintiff wants to call as a witness." Pl. Third Obj. at 4. But the Magistrate Judge found "no support for Plaintiff's argument that

---

deposition (as the Rules allow). *Cf. Norelus v. Denny's Inc.*, 628 F.3d 1270, 1281 (11th Cir. 2010) (affirming sanctions only because of the party's "unreasonable and vexatious" conduct that "multipl[ied] the proceedings").

Defendants are [so] obligated," Third Omnibus Order at 2—and Watkins has pointed to no case or rule for his position that they are. *See generally* Pl. Third Obj.

Nor can he. The Federal Rules set out several exceptions to the general principle that "the address and telephone number of each individual likely to have discoverable information" is discoverable. FED. R. CIV. P. 26(a)(1)(A)(i). As relevant here, Florida law prohibits a party from disclosing the addresses of "active or former sworn law enforcement personnel." FLA. STAT. § 119.071 (4)(d)(1); *see also Richterkessing v. Broward Sheriff's Office*, 2007 WL 9701081, at *1 (S.D. Fla. July 13, 2007) (noting that the plaintiff's request for the last known addresses of the defendants "is insufficient to justify 'exceptional necessity' or the presence of 'extraordinary circumstances' whereby exemption from disclosure under Fla. Stat. § 119.71(4)(d)(1) [sic] would be operative" (quoting *Henderson v. Perez*, 835 So.2d 390, 392 (Fla. 2nd DCA 2003))).

In our case, Watkins wants to call former Lauderhill Police Captain Rick Rocco as a witness. *See* Reply in Support of Motion to Compel [ECF No. 156] at 4. Because Captain Rocco is a former law enforcement officer, though, Watkins can obtain his home address only by showing "exceptional necessity." FLA. STAT. § 119.071(4)(d)(1). But Watkins hasn't even cited this standard—let alone shown how it's been met. *See generally* Pl. Third Obj. The Magistrate Judge's decision is thus (at the very least) not clearly erroneous.

In sum, the Court **OVERRULES** Watkins's objections to the Report's resolution of his Motion for Order of Clerk and U.S. Marshal [ECF No. 153].

\*\*\*

After careful review, the Court hereby **ORDERS and ADJUDGES** as follows:

1.  Watkins's Objections [ECF No. 132] to the Magistrate Judge's First Omnibus Order [ECF No. 124] are **OVERRULED**.

15

2. Watkins's Objections [ECF No. 146] to the Magistrate Judge's Second Omnibus Order [ECF No. 143] are **SUSTAINED in part** and **OVERRULED in part** as set forth in this Order.

3. Watkins's Objections [ECF No. 162] to the Magistrate Judge's Third Omnibus Order [ECF No. 161] are **OVERRULED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 18th day of February 2021.

 

_____

**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:  counsel of record
   Eric Watkins, *pro se*