# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 19-60810-CIV-ALTMAN/Strauss

ERIC WATKINS,

     *Plaintiff,*

v.

OFFICER DAVLIN SESSION, *et al.*,

     *Defendants.*

_____/

## ORDER ON MOTION FOR RECONSIDERATION

The Plaintiff, Eric Watkins, has filed a Motion for Reconsideration (the "Motion") [ECF No. 189] of the Court's Order Resolving Objections (the "Order") [ECF No. 185]. In it, he says that the Court erred in adjudicating four of his prior motions. But, because Watkins is simply trying to relitigate old arguments and raise new ones, his Motion is **DENIED**.[1]

### THE LAW

"The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (cleaned up); *see also Eveillard v. Nationstar Mortg. LLC*, 2015 WL 1191170, at *5 (S.D. Fla. Mar. 16, 2015) (noting that "an intervening change in controlling law" may serve as a basis for Rule 59 relief). Thus, parties "cannot use a Rule 59(e) motion to relitigate old matters, raise argument[s] or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005); *see also Stone v. Wall*, 135 F.3d 1438, 1442 (11th Cir. 1998) ("The purpose of a Rule 59(e) motion is not to raise an argument that was previously available, but not pressed.").

---

[1] This case, for readers who are unfamiliar, stems from Watkins's arrest for urinating in public. *See* Third Am. Compl. [ECF No. 188] ¶ 6. After the charges were dropped, he filed this lawsuit, in which he alleges that the police officers who arrested him violated his civil rights. *See generally id.*

**ANALYSIS**

Watkins doesn't identify any new facts or a change in the governing law. *See generally* Motion.

His Motion thus turns on his suggestion that the Court's Order resulted in four separate manifest

"errors" of law. We address each in turn.

*First*, Watkins tries to resurrect his request for the name of the officer who signed for the urine

the Defendants collected at the scene. *See* Motion at 1. This Court denied this request because (1)

Watkins failed to contest the Magistrate Judge's determination that the request was inappropriate

under Rule 34, and (2) Watkins failed to explain how the name of the officer who signed for the urine

sample was relevant to his position that "the Defendants aren't entitled to qualified immunity." Order

at 9. Now, Watkins insists that he "never claimed that he needed the name of the officer, who received

and signed for the alleged urine sample from Vogt and Session because it was necessary to Plaintiff's

claim that the defendants aren't entitled to qualified immunity." Motion at 1–2.[2] Instead, he avers,

"[a]n objective review of Plaintiff's Motion to Compel will reveal that the reason Plaintiff claimed he

needed the officer's name was because it was relevant pursuant to Fed. R. Civ. P. Rule 34(a) and Rule

26(b). See Doc. 125 at 2-3." *Id.*

---

[2] Even though he's *pro se*, Watkins still owes a duty of candor to the Court, and the record conclusively contradicts Watkins's new contention that he "never claimed" to need the officer's name to rebut the Defendants' assertion of qualified immunity. *See* Plaintiff's Objections to Second Omnibus Order ("Pl. Second Obj.") [ECF No. 146] at 2 ("This order, supra, is in error because the Magistrate failed to allow Plaintiff the opportunity to demonstrate that the defendants are not entitled to qualified immunity . . . . It is Plaintiff's argument that a review of his Complaint – Doc 86 – and his response – Doc 93 – to the defendants' motion to dismiss will clearly show that the defendants are not entitled to qualified immunity[.]"). The Court will sanction Watkins the next time he flagrantly misrepresents the record.

Watkins is trying to rewrite history. He did, it's true, tell the Magistrate Judge that the officer's name was relevant. *See* Motion to Compel [ECF No. 125] at 2–3. The Magistrate Judge rejected his request because "[t]his type of request, although perhaps appropriate as an interrogatory or during a deposition, is improper under Rule 34." Second Omnibus Order [ECF No. 143] at 2. In resolving Watkins's objection to that ruling, the Court noted that it "need not decide today whether the Magistrate Judge correctly interpreted the outer boundaries of Rule 34 *because Watkins never suggests that she didn't. See Hamilton*, 680 F.3d at 1319." Order at 9 (citing Pl. Second Obj. at 2) (emphasis added). Watkins had the chance to dispute the Magistrate Judge's ruling, and, though he objected, he never (notably) quarreled with her interpretation of Rule 34. This Court won't entertain arguments that Watkins had "available, but [did] not press[ ]." *Stone*, 135 F.3d at 1442.

*Second*, Watkins tries again to access the Defendants' financial information, *see* Motion at 2—a request this Court has already denied, *see* Order at 10. Watkins now argues that he "did not claim that he needed the defendant's financial information to show that the defendants did not have probable cause." Motion at 2. He wanted it, he now maintains, because "he is suing them for damages and needs to access their financial states. Doc. 125 at 3–4." *Id.* Again, it's true that Watkins told *the Magistrate Judge* that he needed the Defendants' financial information "to determine if they can pay the damages I seek or how much of [illegible]." Motion to Compel [ECF No. 125] at 3–4. But, when the Magistrate Judge rejected this request as premature, *see* Second Omnibus Order at 2, Watkins altered course and argued that the Magistrate Judge had erred by "fail[ing] to allow Plaintiff to demonstrate that the defendants are not entitled to qualified immunity[.]" Pl. Second Obj. at 2. He thus didn't dispute the Magistrate Judge's decision that his request was premature. The Court will not allow the Plaintiff to raise arguments he could have raised before but chose not to.

3

Even accepting Watkins's contention—that "a review of Plaintiff's motion to compel will reveal that the reason plaintiff requested the defendants financial status is because he is suing them for damages and needs to access their financial status," Motion at 2—his request still fails. This Court will "not permit Watkins to harass the Defendants with irrelevant and intrusive discovery into their personal affairs." Order at 10.

*Third*, Watkins disputes both the Court's characterization of his conduct at his deposition and its finding that he wasn't prejudiced by its resumption. *See* Motion at 3. On this issue, Watkins complains that "[t]his Court has grossly erred in its finding that Plaintiff stormed out of the deposition hearing. . . . Plaintiff's objection reveals that he claimed that the magistrate's order to resume [the] deposition is unfair because it was not plaintiff's fault the deposition hearing did not move forward." *Id.*[3] In Watkins's view, "Plaintiff also showed that he would be prejudiced if he was compelled to return to a second deposition hearing in that he would not have the money to pay for gas and drove their [sic]. *Doc. 163 at page 3. Objection two*; see also doc 152 p. 10." Motion at 4 (emphasis added).[4] But page 3 of Docket Entry 16[2][5] says nothing at all about the prejudice Watkins might suffer. *See* Watkins

---

[3] Fault is irrelevant here. The question of who ended the deposition—and, relatedly, whose fault it was—played absolutely no part in the Court's analysis. *See* Order at 12–14. What mattered, as the Court explained, was whether (and to what degree) the parties would be prejudiced by the deposition's resumption. *See id.* at 13.

[4] Watkins also claims to have moved for sanctions, citing "Doc. 152 at pg. 10." Motion at 4. The document he references, though, is titled "*Response* to Defendant's motion – Doc. 149 – to compel." Response to Motion to Compel [ECF No. 152] at 1 (emphasis added). As that title makes plain, the document he's referring to is a *response*, not a motion. Either way, as this Court has said: "Even if Watkins had asked for sanctions, . . . the Court wouldn't have sanctioned the Defendants for trying to prevent Watkins from recording the deposition—an unusual request—and for seeking the Court's permission to resume the deposition (as the Rules allow)." Order at 13–14 n.11.

[5] Docket Entry 163 is the *Defendant's* Response to Watkins' Objections. *See* Response to Pl. Third. Obj. [ECF No. 163]. It thus reveals nothing about what Watkins did (or didn't) say.

Third Obj. [ECF No. 162]. Watkins has thus waived any such claim to prejudice. *See* Order at 13 ("Watkins never explains how he would be prejudiced by having his deposition continue. He's thus waived any such claim to prejudice.").

Nor (for two reasons) can Watkins raise the *new* argument he advances now—that he was prejudiced by having to expend gas on the way to the deposition. *One*, "[t]he purpose of a Rule 59(e) motion is not to raise an argument that was previously available, but not pressed[.]" *Stone*, 135 F.3d at 1442. *Two*, Watkins hasn't set forth any facts that might describe the extent of the prejudice he faces. So, for instance, he doesn't tell us where he lives, how far that is from the deposition, how much mileage his car gets, or how much the gas stations near his house charge for gasoline. *See generally* Motion. Nor does he acknowledge this Court's finding that the "the Defendants would suffer extreme prejudice if they were precluded from deposing the only person who knows whether Watkins urinated in the park—the centerpiece of this dispute[.]" Order at 13. In other words, even if Watkins had to drive (some unknown) distance within Broward County—a drive that, we presume, would cost (some unknown) amount of money—this Court would *still* allow the deposition to proceed because of the extreme prejudice the Defendants would otherwise face.

*Fourth*, Watkins asks again for the home address of former Florida law enforcement officer Rick Rocco, *see* Motion at 4—a request this Court denied because Watkins failed to show "exceptional necessity," as required by Florida Statutes § 119.071(d)(1), *see* Order at 15. Watkins now insists that he "sufficiently met the exceptional necessity burden of Fla. Stat. § [illegible] and the extraordinary circumstances requirement [illegible] disclosure of an active or former law enforcement officer's address." Motion at 4. Rather than explain how he has met this test, though, Watkins says only that

"[i]t[']s clear why Plaintiff needs Rick Rocco as a witness. It[']s clear that he [is] relevant to Plaintiff's case and Plaintiff does not have his address to subpoena him, but the defendants have it." *Id.* at 4.

Again, Watkins tries to rewrite history. Watkins never mentioned—let alone satisfied—the "exceptional necessity" test in his Motion to Compel. *See* Motion to Compel [ECF No. 153] at 2. To the contrary, when *the Defendants* raised the "exceptional necessity" standard as a defense, *see* Response [ECF No. 154] at 2, Watkins replied that he "does ***not*** believe that Chapter 119 Florida Statute conflicts with his need to serve Rick Rocco with a subpoena[.]" Reply [ECF No. 156] (emphasis added). The Magistrate Judge, in turn, didn't address this argument because Watkins used the wrong discovery tool in any event (Rule 45 rather than 34). *See* Third Omnibus Order [ECF No. 161] at 2. This Court agreed with the Magistrate Judge that Watkins had relied on the wrong rule and then found that Watkins had failed to "cite[ ] th[e exceptional necessity] standard—let alone show[ ] how it's been met." Order at 15. Despite taking a second swing at this, Watkins still never explains how he has met the standard. Obviously, a litigant cannot meet a legal standard simply by claiming how "clear" it is that he's met the standard. Even if he had, however, his request would be denied because a motion for reconsideration isn't a blank slate to raise new arguments for the first time.

\* \* \*

Because Watkins fails to show that the Court's Order resulted in any manifest error of fact or law, his Motion [ECF No. 189] is **DENIED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 6th day of May 2021.

_____
**ROY K. ALTMAN**
**UNITED STATE DISTRICT JUDGE**

cc:    Counsel of record
       Eric Watkins, *pro se*

7